Chen v. Sessions

BIA
Christensen, IJ
A205 469 055

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

XIAO HUI CHEN,
> *Petitioner,*

v.                                                        16-1569
                                                          NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:               Gerald Karikari, New York, NY.

FOR RESPONDENT:               Chad A. Readler, Acting Assistant
                              Attorney General; Jonathan A.
                              Robbins, Senior Litigation Counsel;
                              Joanna L. Watson, Trial Attorney,
                              Office of Immigration Litigation,
                              United States Department of Justice,
                              Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Hui Chen, a native and citizen of the People's Republic of China, seeks review of an April 20, 2016, decision of the BIA, affirming a November 14, 2014, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Hui Chen,* No. A205 469 055 (B.I.A. Apr. 20, 2016), *aff'g* No. A205 469 055 (Immig. Ct. N.Y. City Nov. 14, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Chen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's

2

"demeanor, candor, or responsiveness," and on inconsistencies in an applicant's statements and evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Contrary to Chen's position in his brief, under the REAL ID Act, inconsistencies may support an adverse credibility determination "without regard to whether" they "go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)((B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the adverse credibility determination.

The crux of Chen's claim is that he was persecuted and fears persecution in China because he attended an underground church. The agency reasonably relied on inconsistencies between Chen's testimony, application, and evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The inconsistencies are reflected in the record and provide substantial support for the adverse credibility determination as they concern Chen's practice of Christianity in China and the United States. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (concluding that "a material inconsistency" relating to "the

3

very persecution from which [the applicant] sought asylum, . . . afforded substantial evidence to support the adverse credibility finding." (internal quotation marks and citation omitted)). For example, Chen's testimony, application, and evidence were inconsistent regarding when Chen began attending an underground church and whether he ever attended a government church. Chen testified, moreover, that he required medical attention following his detention, but neither his application nor his mother's letter included that important fact. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent."). Given that these omissions or inconsistencies go directly to the events leading up to and immediately following the sole incident of alleged persecution, the agency was not required to put Chen on notice of their relevance or offer him more of an opportunity to explain. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 122 n.13, 125 (2d Cir. 2006) (concluding that where the "inconsistency is 'dramatic' or obvious on its face . . . the petitioner can be assumed to be aware—without being told—of the need to explain it").

The adverse credibility determination is bolstered by the agency's demeanor finding. We defer to that finding, particularly given the evidence of Chen's pauses and difficulty

4

answering questions and providing explanations for inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).

Nor do we discern error in the agency's decision to give limited weight to Chen's corroborating evidence. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). Chen's letters from China were authored by individuals not subject to cross examination, and a church letter from the United States was inconsistent with Chen's testimony. *Id*. (upholding agency's decision to give little weight to letter from family member in China).

Given the multiple inconsistencies, the demeanor finding, and the lack of reliable corroboration, the totality of the circumstances supports the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DISMISSED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk